945 F.2d 405
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David J. SCOTT, Plaintiff-Appellant,
v.
FEDERAL BUREAU OF INVESTIGATION, Drug Enforcement
Administration, United States Department of
Justice, United States Attorney's
Office, Defendants-Appellees.
 No. 91-1546.
 United States Court of Appeals, Sixth Circuit.
 Sept. 26, 1991.
 
 Before MILBURN and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 David J. Scott, a Michigan state prisoner, requests the appointment of counsel on appeal from the judgment for defendants in this action filed under the Freedom of Information Act, 5 U.S.C. § 552. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Scott requested all records containing references to him from these defendants. The Drug Enforcement Administration replied that it had no records responsive to the request. The Federal Bureau of Investigation responded with certain records excised to protect the privacy rights of third parties and confidential sources. The U.S. Attorney declined to comply on the basis that release of the records would jeopardize an ongoing investigation. Scott then filed this action. The district court determined that the D.E.A. and F.B.I. had complied with the Act, and they were dismissed. The U.S. Attorney requested that the case be held in abeyance six months due to the ongoing investigation. Subsequently, defendant furnished a Vaughn index, see Vaughn v. Rosen, 484 F.2d 820 (D.C.Cir.1973), cert. denied, 415 U.S. 977 (1974), claiming that certain of the documents were exempt under 5 U.S.C. § 552(b)(7)(C), as documents compiled for law enforcement purposes which could reasonably be expected to constitute an unwarranted invasion of personal privacy. The district court ordered the balance of the records produced to the plaintiff.
 
 
 3
 The district court thereafter reviewed the documents claimed to be exempt in camera, agreed that they fit the requirements of the statute and dismissed the action. Scott filed several post-judgment motions, including a motion to reconsider. The district court denied the latter on the grounds that it was untimely and failed to raise any new issues or point out any defects in the original ruling.
 
 
 4
 Upon consideration, it is concluded that Scott has demonstrated no error in the district court's judgment. Although he is correct in pointing out that his motion to reconsider was timely served, the motion was also denied on the merits, and therefore no prejudice can be shown. Scott received all the relief to which he was entitled. Accordingly, the request for counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.